### SANTIAGO TIGERINA v. THE STATE.

*No. 1113. Decided December 18th, 1895.*

**Theft—Driving From Accustomed Range—Counts—Erroneous but Harmless Charge.**

   Where an indictment contained two counts for theft, and the conviction was upon the first count. Held: An erroneous charge, in connection with the second count, as to driving from the accustomed range, was harmless, inasmuch as it could not have entered into or formed a factor in the conviction of defendant under the first count.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLANE.

This appeal is from a conviction for theft of cattle, the punishment being assessed at two years' imprisonment in the penitentiary.

A statement of the evidence is unnecessary.

*Pierce & Hamilton* and *Bethel Coopwood*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

[No briefs found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted under an indictment in two counts, charging him with the theft of two head of cattle, and given two years in the penitentiary. From the judgment and sentence of the lower court he prosecutes this appeal. The indictment in this case was in two counts. In the first it charged the appellant with the theft of cattle, the property of and in the possession of Jesus Martinez. In the second count it charged the theft of the same cattle, the property of and in the possession of Sixta Raminez De Martinez. The evidence in the case on the part of the State tended to show an ordinary theft, but the court in its charge seems to have treated the case, under Article 749, as a case of willfully taking into possession and driving cattle not his own, from their accustomed range, without the consent of the owner, and with intent to defraud the owner. The court, after defining theft generally, then proceeds to define theft under said Article 749, Penal Code, and also defines the meaning of the term "willfully," as used in said article. He then proceeds to charge on the first count of the indictment as follows: "If you believe that the defendant did fraudulently take the two cows in question from their accustomed range, without the consent of Jesus Martinez, and with intent to deprive the owner of the value thereof, and to appropriate them to his (defendant's) use and benefit, then you will find him guilty," etc., "as charged in the first count of the indictment, and assess his punishment at confinement in the penitentiary, at not less than two nor more than four years." He then proceeds to charge the jury as follows: "If, however, you believe that the defendant had possession of the cattle on their range, but you have a reasonable doubt as to whether it was his intention to appropriate their value to his own use and benefit, then you may consider whether the defendant is guilty of theft as hereinafter charged." Then the court instructs the jury, under the second count of the indictment, as follows: "If from the evidence you believe that the defendant, Santiago Tigerina, in the County of Webb, and State of Texas, on or about the time alleged, did willfully take into his possession the two head of cattle described in the indictment, and that he did drive them from their accustomed range, without the consent of the owner, and with the intent to defraud the owner thereof, and you further believe that the defendant was not the owner of said cattle, and that Sixta Raminez De Martinez was the owner, then you will find him guilty of theft, and assess his punishment at confinement in the penitentiary not less than two nor more than five years, or by a fine not to exceed one thousand

dollars, or by both such fine and imprisonment, at your discretion." The appellant's assignments bring in review said charges of the court. As before stated, appellant was convicted under the first count of the indictment, and the charge with reference to the first count is a charge on ordinary theft of cattle under Article 747, Penal Code, and contains all the elements prescribed for theft, including the punishment. The charge on the second count, though erroneous, could have had no influence on the jury in their finding as to the first count. There was no issue as to the intent with which appellant may have taken possession of the cattle in question. The evidence for the State showed that he was seen driving the cattle. The appellant insisted that he was not present at the time, and had nothing to do with the taking of the cattle. So the appellant presented no issue as to the intent which may have actuated him if he took possession of the cattle. There was no conviction under the second count for willfully driving cattle from their accustomed range, and the charge of the court, in connection with this count, could not have entered into or formed a factor in the conviction of appellant under the first count. The appellant in this case insists that the court should reverse the rule, laid down by this court, in which a person can be convicted, under an ordinary indictment for the theft of cattle, for willfully driving them from their accustomed range without the consent of the owner, and with intent to defraud. Campbell v. State, 22 Tex. Crim. App., 262, and cases cited. If this court were inclined to abandon the rule laid down in said cases, the occasion is not here presented. The indictment was for the ordinary theft of cattle, under Article 747, Penal Code, and the appellant was convicted for the theft of cattle under said article, and not under Article 749, Penal Code. If he had been convicted under the latter article, then we might feel called upon to re-examine the former decisions of this court; but such is not the case before us. There is no error in the charge of the court on alibi, nor in the refusal of the court to give the special charge asked by appellant on that subject. There being no error in the record requiring a reversal of this case, the judgment and sentence of the lower court are affirmed.

*Affirmed.*

[Note—Appellant's motion for rehearing, filed December 31, 1895, was overruled without a written opinion.—Reporter.]